**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WESTFIELD INSURANCE COMPANY
a/s/o Westmoreland/Filichia Partnership
and Jaguar Builders of Jax, Inc.,

        Plaintiff,

vs.                                               Case No. 3:10-cv-1140-J-32TEM

ACCESSIBILITY SPECIALISTS, INC.,

        Defendant.

**ORDER**

Plaintiff, Westfield Insurance Company, an Ohio corporation, as subrogee of its insureds Westmoreland/Filichia Partnership and Jaguar Builders of Jax, Inc., filed this suit for negligence and breach of contract against Defendant, Accessibility Specialists, Inc., a Florida corporation. (Doc. 1). According to the complaint, Westmoreland/Filichia Partnership owned a commercial property located at 4969 Beach Boulevard, Jacksonville, Florida[1] ("property"). (Id. at 2). Both Defendant and Jaguar Builders of Jax., Inc. were tenants of the property. (Id. at 2, 3). Prior to April 23, 2009, Plaintiff had issued an insurance policy to Westmoreland/Filichia Partnership and Jaguar Builders of Jax, Inc. ("Plaintiff's insureds"). (Id. at 2). On April 23, 2009, Defendant's employee's welding activities in Defendant's leased space in the property caused a fire, allegedly resulting in damages to Plaintiff's insureds in excess of $75,000. (Id. at 3). Pursuant to the insurance policy, Plaintiff

---

[1] For reasons which are not clear, the Clerk filed a redacted version of the complaint in the public record which omitted this address and other information. By this Order, the Clerk shall replace that complaint with the unredacted version plaintiff originally submitted to the Court for filing.

compensated Plaintiff's insureds for losses sustained as a result of the fire. (Id.). As a result of Plaintiff's payments and pursuant to the terms of the insurance policy, Plaintiff is equitably and contractually subrogated to the rights of Plaintiff's insureds to the extent of those payments. (Id.). Plaintiff has brought suit against Defendant for negligence and breach of contract. (Id. at 3-5). Defendant has moved to dismiss for failure to state a claim (Doc. 7), and Plaintiff filed a response in opposition (Doc. 10).

**I. Standard of Review**

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The court must limit its scope of review "to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). However, "a document attached to a motion to dismiss may be considered by the court . . . only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). "While a complaint attacked by a . . . 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotation marks, and brackets omitted). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In a diversity case, the federal court "applies the substantive law of the forum state [,] unless federal constitutional or statutory law compels a contrary result." Technical Coating

Applicators, Inc. v. U.S. Fid. and Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). As such, this Court will apply Florida law.

## II. Discussion

### A. Count One: Negligence

Count one alleges that Defendant was negligent when it breached duties owed to its landlord Westmoreland/Filichia Partnership and its fellow tenant Jaguar Builders to maintain its leased space in a reasonable manner when it permitted its employee to perform work on the property without exercising reasonable care, thereby causing a fire which damaged the property of Plaintiff's insureds. In moving for dismissal, Defendant states that "Plaintiff's complaint is based exclusively on breach of contract" (Doc. 7 at 1) and seeks dismissal of the entire complaint. (Id. at 5). Defendant has not cited any case law or other authority to provide a basis for the dismissal of Plaintiff's negligence count. Therefore, Defendant's Motion to Dismiss as to Plaintiff's negligence count (Count one) is denied.

### B. Count Two: Breach of Contract

Count two alleges that Defendant breached a contract with its landlord, Westmoreland/Filichia Partnership, Plaintiff's insured, to maintain its leased space in a reasonable manner and to perform work in a reasonable and prudent manner. Defendant seeks to dismiss the claim because it is based solely on conclusory legal allegations. To state a claim for breach of contract under Florida law, a plaintiff must allege "(1) a valid contract; (2) a material breach; and (3) damages." Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000).

Plaintiff alleges a valid contract by stating, "[p]ursuant to a written and/or oral agreement between Westmoreland/Filichia Partnership and Accessibility, Accessibility expressly and/or impliedly agreed to maintain its leased space in a reasonable manner and to ensure that the work it performed was done in a reasonably prudent manner to ensure that the Property was safe from risk of fire." (Doc. 1 at 4). Next, Plaintiff alleges a material breach by stating, "Accessibility breached its express and/or implied agreement with Westmoreland/Filichia Partnership by failing to ensure that the work it performed at the Property was done in a reasonably prudent manner and to ensure that the Property was safe from risk of fire." (Id. at 5). Finally, Plaintiff alleges damages by stating, "[a]s a direct and proximate result of . . . Accessibility's breach, Westmoreland/Filichia Partnership suffered damages [and] . . . Westfield paid Westmoreland/Filichia Partnership for damages sustained as a result of the fire." (Id.). While this count surely could have been pled with more specificity, Plaintiff has (just barely) alleged the necessary elements for a claim of breach of contract.

Defendant further argues that the claim should be dismissed because no agreement is attached to the complaint. (Doc. 7 at 2). However, "there is no requirement that a plaintiff attach the contract to the complaint." Spring Air Int'l, LLC v. R.T.G. Furniture Corp., No. 8:10-cv-1200-T-33TGW, 2010 WL 4117627, at *5 (M.D. Fla. Oct. 19, 2010). Therefore, Plaintiff is not required to attach a copy of the contract to the complaint in order to state a claim upon which relief may be granted.

Finally, Defendant argues that the claim is being brought pursuant to an oral agreement "pertain[ing] to an interest in land and an alleged agreement to pay for the debts

4

of another[,]" (Id.), and therefore is barred by the statute of frauds. Statute of frauds may be pled as an affirmative defense. Fed. R. Civ. P. 8(c). However, an affirmative defense may be raised in a 12(b)(6) motion to dismiss "only if the defense is apparent on the face of the complaint." Hudson Drydocks Inc. v. Wyatt Yachts Inc., 760 F.2d 1144, 1146 n.3 (11th Cir. 1985). Plaintiff's breach of contract claim is based on a "written *and/or* oral agreement." (Doc. 1 at 4 (emphasis added)). Accepting Plaintiff's allegations as true, the statute of frauds defense is not apparent on the face of the Complaint because the agreement may have been written and/or oral. Thus, the potential application of the defense of Statute of Frauds will have to await further case developments. For the foregoing reasons, Defendant's Motion to Dismiss as to Plaintiff's breach of contract count (Count two) is denied.

Accordingly, for the reasons stated, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 7) is **DENIED**. Defendant shall file and serve its answer to the complaint no later than **August 19, 2011**.

2. By that same date (**August 19, 2011**), the parties shall confer and file their Case Management Report (the form of which is attached).

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of July, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

a.
Copies (CMR attached):
counsel of record